*41 Vroom.*                    Kehoe v. Stagmeier.

---

JOHN KEHOE, PROSECUTOR, v. HENRY N. STAGMEIER ET AL.

Argued June 3, 1903—Decided November 9, 1903.

1. An order of a justice of the Supreme Court, made in a recount under the Election law (*Pamph. L.* 1898, *p.* 310, §§ 159, 160), cannot be reviewed upon *certiorari* unless in the proceedings the justice has exceeded his jurisdiction.

2. The justice, in such a proceeding, has no jurisdiction to make an order revoking the certificate of the canvassing board, unless the recount shows some other person to have been elected by a majority of the votes cast. If there be a tie vote, shown by the recount, no certificate can be issued by the justice.

On *certiorari.*

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Peter W. Stagg.*

For the respondents, *Ernest Koester.*

The opinion of the court was delivered by

FORT, J. This suit brings up an order of a justice of the Supreme Court, made in a proceeding for a recount

under ·sections 159, 160 and 161 of the "Act to regulate elections (Revision of 1898)." *Pamph. L.* 1898, *p.* 310. The prosecutor and respondent were candidates for the office of chosen freeholder at an election held in the township of Union and borough of North Arlington, on Tuesday, March 10th, 1903. The board of canvassers of said township and borough declared John Kehoe elected to said office, and gave him a certificate of election pursuant to statute.

Upon the petition of the respondent, a justice of the Supreme Court made an order for a recount by the county board of election of Bergen county, pursuant to statute. The recount was had and after the decision of the said justice upon all of the disputed ballots, upon which the said board were unable to decide by a majority vote, the said justice did thereupon make an order, reciting that "Whereas, * * * it appeared upon said recount that the said Henry N. Stagmeier and John Kehoe each received an equal number of votes for said office, and that no person was elected to said office at said election," and concluding as follows:

"Now, therefore, I do hereby revoke the certificate of election heretofore issued to the said John Kehoe for the said office of chosen freeholder, and do hereby make known and declare that at the said election held in the borough of North Arlington and township of Union, in the county of Bergen, on the 10th day of March, A. D. 1903, no person was elected to the said office of chosen freeholder."

The first question which presents itself in this case is one of the jurisdiction of this court to review such an order as this by *certiorari.* A proceeding for the recount of votes is not one upon which the Supreme Court can express an advisory opinion, as it is not within the operation of section 215 of the Practice act (Revision of 1903). *In re Margarum,* 26 *Vroom* 12.

Nor is there any power to review the action of the justice of the Supreme Court, in making a recount, by *certiorari.* *Ruh* v. *Frambach,* 18 *Vroom* 85.

Mr. Justice Parker, in the case just cited, declares that

"previous to the law of 1880 (the act giving the recount) the certificate of election' made by the board of county canvassers seated the holder and cast the burthen of a contest on the candidate who disputed his election. Now, the certificate of the county canvassers may be revoked and a new certificate ordered to be issued by the justice of the Supreme Court, when he finds, upon a recount of the ballots cast, that error has been made in the original count sufficient to change the result of the election. * * * The duties of the justice who makes the recount, under the law, are only ministerial. He has authority merely to count the ballots he finds in the boxes for the purpose of ascertaining who has a majority of the votes cast. There is no power given to the Supreme Court to review the action of the justice who makes the recount. The law in question does not give such power."

With this statement of the law we are entirely in accord. The certificate of the justice of the Supreme Court, authorized to be made upon a recount, simply takes the place of the certificate of the board of election as previously given and gives to the person receiving it the *prima facie* right to the office. It shifts the burthen of contest from the shoulders of the person holding the justice's certificate to those of the person who previously held the certificate of the election board. After the certificate is issued by the justice of the Supreme Court it is as if the certificate of the election board had never been issued. His certificate is a mere substituted certificate of election.

By section 13 of the Revision of 1903 of "An act relating to informations in the nature of a *quo warranto*," it is now expressly provided that "in any proceeding by *quo warranto* to test the title of any person to an office which is claimed by the relator, if there shall have been a recount of the votes cast at the election at which the relator and respondent claim to have been elected, and a certificate given by a justice of the Supreme Court as to the result of such recount, pursuant to statute, such certificate shall be *prima facie* evidence of the right of the person holding the same

to the office and to a judgment accordingly." *Pamph. L.* 1903, *p.* 375.

In *Ruh* v. *Frambach, supra,* it was held that the certificate of the justice entitled an assemblyman to his seat, subject to the right of the assembly, by contest, to unseat him, under the constitutional right of the assembly to be the sole judge of the election of its own members. The act of 1903, above quoted, now likewise entitles the holder of such a certificate to the office to which it declares him to be elected, until ousted by legal proceedings. Two methods only are open for a person claiming an office for which another holds a certificate of election—*first,* proceedings by way of contest under section 162 of the Election act, or *second,* proceedings by *quo warranto* in the Supreme Court to oust the incumbent from the office. The statute as to contesting elections gives a clear remedy before the person declared elected takes his seat and *quo warranto* afterwards. *Certiorari* will not lie where the statute expressly provides another and complete remedy, nor will it lie in this case, for the additional reason that it would be in derogation of the powers of the Supreme Court on *quo warranto.* Whether a statute might give to the Supreme Court a right to review the certificate of the justice upon a recount, it is unnecessary to consider; it is sufficient to say, as Mr. Justice Parker said in the Ruh case, "the law in question does not give such power."

We are therefore of opinion that where the proceedings of the justice of the Supreme Court are taken within the jurisdiction conferred by the statute, no review thereof can be had upon *certiorari.*

We have not been able to find any case in our reports, and counsel have not referred us to any, in which the certificate of a board of election, issued in the manner authorized by statute, has been questioned on *certiorari.* Mr. Justice Collins, in Roberts *v.* Shafer, would appear to give countenance to the right to review, on *certiorari,* the proceedings of a justice of the Supreme Court in making an order and issuing certificates under the Election law. *Roberts* v. *Shafer,* 34

*Vroom* 182. We are unable to bring ourselves to believe that
the learned justice, in that case, intended to decide anything
more than that in a proceeding to nullify an election under
the statute, that the justice acted judicially and that, if
proper notice were not given, his proceedings were void and
might be reviewed upon *certiorari.* While in that case it did
appear that orders had been made upon a recount, still we
think that all the court intended to decide was that the order
of the justice, made after the recount had been had, that "the
election be nullified in three precincts and a new election be
held," was without jurisdiction and hence void, because no
notice had been given of the proceeding under which the
nullifying order was made. This seems clear from the follow-
ing language of the court: "Probably jurisdiction, otherwise
ample, would be sustained upon actual personal notice, but to
bind a citizen by a proceeding involving the taking of evidence
and afford him no means of securing it was an anomaly in
jurisprudence." In the case before us we think, however,
that the order of the justice of the Supreme Court must be
set aside as in excess of his power and hence without juris-
diction under the statute.

The statute reads as follows: "If it shall appear upon such
recount that an error has been made, sufficient to change the
result of such election, then such justice shall revoke the cer-
tificate of election already issued to any person and shall
issue in its place another certificate in favor of the party who
shall be found to have received a majority of the votes cast
at such election, *which later certificate shall supersede all
others,* and entitle the holder thereof to the same rights and
privileges as if said certificate had been originally issued by
the canvassing board."

The act of revocation of the old certificate and the issuance
in its place of another to the person "found to have received
a majority of the votes cast," are one and the same act. No
certificate can be made which will not "supersede all others"
and "entitle the *holder thereof* to the same rights and privi-
leges as if the certificate had been originally issued by the
canvassing board." The law does not contemplate any cer-

tificate unless some other person than. the person holding the certificate of the canvassing board is shown to have received "a majority of the votes cast." The *prima facie* character of the certificate of the canvassing board cannot be defeated by any condition except by a new certificate, issued under the statute, to some other person who has received a majority of the votes cast. In case of a tie upon the recount, as in the case before us, the certificate of the canvassing board remains the *prima facie* evidence of the right of the holder thereof to take his seat. The body to which such certificate certifies him to be elected cannot recognize a certificate of mere revocation of that certificate issued by the justice of the Supreme Court. The only certificate that they need recognize is a certificate certifying the election of some other person. This construction we think is made more clear by the language of section 160 of the act, which reads: "Whenever any such certificate shall be issued by any justice of the Supreme Court, the same shall be filed with the clerk of the county or municipality in and for which such election was held; and such clerk shall make and certify, under his hand and official seal, a copy thereof, and shall without delay deliver such copy *to the person who shall be so declared elected.*" A mere certificate of revocation is not to be certified or delivered to anyone and need not be noticed by anyone.

The certificate of revocation issued in this case, not being within the authority confirmed by the statute, is void and will be set aside, with costs.